ARMSTRONG *v.* WALTON, ordinary, for use, etc., *et al.*
UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* WALTON, ordinary, for use, etc., *et al.*

Where one is appointed receiver to collect, .preserve, convert into cash, and pay out, when ordered by the court appointing him, the assets of a named party, and after having collected and converted into cash such assets he pays out, under the order of the court, only a part thereof, and is removed from the receivership, and when thus removed fails, after demand by his successor duly appointed, to pay over and deliver a balance in cash of such assets in his hands, in accordance with

the order of the court, it is competent for the payee in a bond given by the first receiver, conditioned to faithfully perform his duties as receiver and faithfully account for the moneys and assets of the per-, son for whom he was made receiver, to sue for a breach of the bond caused by the failure to turn over and deliver the assets to his successor, without first instituting other proceedings to judicially ascertain and fix the amount of assets in his hands.

FEBRUARY 23, 1916.

Action upon bond.   Before Judge Hammond.   Richmond superior court.   October 15, 1914.

A. R. Walton, ordinary of Richmond county, suing for the use of Bryson Crane, receiver of the Citizens Trust Company, brought a petition against James P. Armstrong as principal, and United States Fidelity and Guaranty Company as surety, alleging that on the 6th day of August, 1912, in certain causes pending in the superior court of Richmond county, James P. Armstrong was appointed, by the order of the judge of the superior court, receiver of the assets of the Citizens Trust Company, and was directed to collect the assets and convert them into cash, to hold the proceeds thereof for distribution among the creditors, subject to the order of the court, and in said order appointing Armstrong receiver it was directed that before entering upon the discharge of his duties he should execute a bond in the sum of $50,000, payable to the ordinary of said county and his successors in office, conditioned for the faithful performance of his duties as receiver and faithful accounting for the moneys and assets of said Citizens Trust Company which might come into his hands as such receiver.   On August 7, 1912, Armstrong as principal, and United States Fidelity and Guaranty Company as surety, executed a bond complying with the aforementioned provisions of the court's order as to the ' execution of a bond.   This bond was approved by A. R. Walton, ordinary.   Thereupon Armstrong entered upon the performance of his duties as receiver, took possession of all the assets of the Citizens Trust Company, and proceeded to collect and convert the same into cash.   Subsequently he as receiver filed his report showing actual cash in his hands to be about $40,000.   After this report was filed, under the decree of the superior court the receiver paid to depositors and creditors of the Citizens Trust Company sums of money aggregating over $30,000, leaving in his hands a balance of the funds appearing upon his receiver's account of over $10,000.   It was also alleged that there was about $5,000 collected

by the receiver, as shown in an itemized statement attached to the petition, not reported by the him to the court, which items were kept by him in an account denominated by him as a "special account;" and that the aggregate amounts collected, not appearing on the general account of the receiver and not reported to the court, made a total of about $16,000. On the 7th day of January, 1914, upon the petition of creditors of the Citizens Trust Company and parties plaintiff in the proceedings against that company, Armstrong was removed as receiver, and Bryson Crane was appointed as receiver of all the assets of the Citizens Trust Company, of every description, in the place of Armstrong; and under the order appointing him Crane was clothed with full power and authority to take possession of all books, papers, moneys, accounts, and choses in action, and to demand, sue for, and collect said assets and convert the same into cash and hold the same subject to the further order of the court. Crane as receiver executed and filed the bond required by the court. In the order appointing Crane, Armstrong, the former receiver, was ordered to surrender and turn over to his successor, Crane, all of the books, papers, notes, accounts, choses in action, moneys, and all other assets of every character of the Citizens Trust Company which went into his possession as such former receiver. Thereafter Crane as receiver made demand upon Armstrong, the former receiver, for the moneys and other assets of the Citizens Trust Company which had been collected by him and which had not been paid out by him in accordance with the order of the court; that is, the sum of $16,210.15. Notwithstanding this demand Armstrong has failed and refused to pay over to Crane said sum of money collected by him as receiver. The plaintiff sues for the use of Bryson Crane, receiver, and prays that he may recover judgment against James P. Armstrong as principal, and United States Fidelity and Guaranty Company as surety, on their aforesaid bond the sum last mentioned, besides interest. This petition was demurred to by the defendants separately, on the grounds, that it did not set out a legal cause of action, and failed to show that any judicial ascertainment or adjudication of any liability against Armstrong as receiver was made before the filing of this suit; that it appears on the face of the petition that Armstrong was a receiver appointed by the court, and was therefore an officer of

court, and that this suit was filed against him on his bond, without any proceedings to judicially ascertain the amount of his liability as such receiver, whereas the judicial ascertainment of such liability as receiver was a necessary condition precedent to filing suit on his bond. The demurrers were overruled, and each defendant filed a separate bill of exceptions, assigning error upon the judgment of the court overruling the demurrers.

*William H. Fleming,* for plaintiffs in error.

*Callaway, Howard & West,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court properly overruled the demurrers of the defendant Armstrong and of the surety upon his bond, the United States Fidelity and Guaranty Company. We do not think it is necessary, where a bond like that in the present case was given by a receiver, and there is a breach of the bond, as alleged in this petition (a breach is admitted by the demurrer), for the party to whom the bond is made payable to first institute proceedings against the principal in the bond, to ascertain what amount of funds he has in his hands which he should pay over, after his removal as receiver, to the new receiver appointed as his successor, and, when these proceedings have terminated in the ascertainment of that amount, that the suit should be brought upon the bond. Cases ruling that summary proceedings against the receiver are available for those having an interest in the fund, and that the receiver having funds in his hands which he has been ordered to pay over, and which he fails and neglects to pay over to his successor in accordance with an order of the court, is subject to rule for contempt, are beside the question. It does not follow that because Crane, who was appointed receiver in this case of all the moneys and other assets of the Citizens Trust Company, might have made demand upon Armstrong for a delivery to him of the assets of the Citizens Trust Company, and in case of a failure of Armstrong to turn over and deliver to his successor such assets he would have been subject to a rule for contempt, the new receiver was bound to apply to the court for such an order or to resort to the summary proceedings. There is no reason why he should not in the first instance sue upon the bond, or have the payee in the bond sue for his use, as was done in this case. The court correctly overruled the demurrers.

*Judgment affirmed in both cases. All the Justices concur.*